**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WESLEY RAY ROGERS, ID # 1363214,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:08-CV-00554-G-BH |
| ) | |
| **NATHANIEL QUARTERMAN, Director,** ) | Referred to U.S. Magistrate Judge |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his felony conviction for driving while intoxicated in Kaufman County (Cause No. 2208CC). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**A. Factual and Procedural History**

On December 16, 2003, petitioner was indicted for driving while intoxicated (DWI) third or more. Clerk's Record (CR) at 2-3. The indictment set out two prior convictions for jurisdictional-enhancement purposes (Dallas County DWI on January 3, 1992, (Cause No. F91-34261-T) and Hunt County DWI on October 4, 1994, (Cause No. 17,594)) and eleven other prior felony convictions in four counties for habitual offender purposes.[1]

---

[1] The eleven convictions listed for purposes of the latter enhancement were: (1) a Hunt County conviction for bail jumping and failure to appear in Cause No. 17,713 (October 4, 1994); (2) a Dallas County conviction for aggravated assault in Cause No. F92-234712-JT (March 12, 1993); (3) Dallas County convictions for felony DWI in Cause No. F80-6295-LM (August 29, 1980), Cause Nos. F84-87278-U and F84-87200-NU (May 18, 1984), Cause Nos. F86-80418-URJ

As part of its case in chief, the State offered Exhibit 3 – a pen packet containing documents for Cause Nos. F91-34261-T; 17,594; and 17,713 – for the limited purpose of proving prior offenses. *See* Rep.'s R., Vol. 3 at 26 [hereinafter cited as RR-volume # at page]. The exhibit was not published to the jury, *see* RR-3 at 4,[2] and was replaced by a more limited pen packet (Exhibit 6) the next day, RR-4 at 52-54. A fingerprint expert testified that the fingerprints from the prior offenses were petitioner's prints. RR-3 at 25-26. The arresting officer provided the only other trial testimony. *See id.* at 32-51; RR-4 at 5-52.

On September 21, 2004, a jury found petitioner guilty of felony DWI. *See* RR-4 at 83. During the punishment phase, the State presented evidence of petitioner's criminal history through three pen packets (Exhibits 7, 8, and 9) and testimony from the two trial witnesses. *See* RR-5 at 22-46. The jury assessed punishment at sixty years imprisonment. *Id.* at 60.

On appeal, petitioner claimed his attorney rendered ineffective assistance and that the conviction in Cause No. 17,574 could not be used to elevate his offense to a felony because it was void. *See* Br. for Appellant and Supp. Br. for Appellant (contained in the state record). He claims that the conviction is void because it resulted from a plea bargain for a sentence that had been improperly enhanced with a conviction that was not final at the time he committed the DWI offense to which he was pleading. Supp. Br. for Appellant at 2, 5-6.

On December 12, 2005, the court of appeals affirmed the felony DWI conviction. *Rogers v. State*, No. 05-04-01433-CR, 2005 WL 3360582, at *2 (Tex. App. – Dallas Dec. 12, 2005, no pet.).

---

and F86-97569-TJ (October 1, 1986), and Cause Nos. F88-94664-QK and F88-82841-QK (August 15, 1988); (4) a Kaufman County conviction for felony DWI in Cause No. 14,248 (March 31, 1983); and (5) a Rockwall County conviction for felony DWI in Cause No. 88C-8 (July 28, 1988).

[2] Although Exhibit 3 was tendered to the jury, defense counsel successfully objected to it being shown to the jury before it was admitted, and nothing of record shows that it was later shown to the jury. *See* RR-3 at 24-28.

It held that petitioner could not attack the validity of his prior DWI conviction on appeal because counsel failed to object to the admission of the evidence of the prior conviction. *Id.* at \*2. It also overruled the claims of ineffective assistance of counsel. *Id.* at 1-2.

On October 26, 2006, petitioner filed a *pro se* state application for writ of habeas corpus with a memorandum in support. S.H.R.[3] at 65-74 (application), 75-103 (memorandum). On November 16, 2006, counsel for petitioner moved for a hearing on the application and restated the habeas claims asserted. *See id.* at 154-57. On November 27, 2006, the attorney filed a supplemental memorandum in support of that application. *Id.* at 158-72.

On May 30, 2007, the trial court conducted a hearing on the state habeas application. Rep.'s R. Writ, Vol. 1 at 6-39 [hereinafter cited as Writ RR-1]. After the writ hearing, the court issued findings of fact and conclusions of law. Supp. S.H.R.[4] at 69-78. The Court of Criminal Appeals denied the application without written order on the findings of the trial court. *Ex parte Rogers*, No. 33,910-06, unpub. op. at 1 (Tex. Crim. App. Feb. 6, 2008).

**B. Substantive Claims**

On March 31, 2008, petitioner filed the pending petition for federal habeas relief through counsel. (*See* Pet. Writ of Habeas Corpus (Pet.) at 1.) He asserts that (1) his due process rights were violated when void and unavailable prior convictions were improperly used to enhance his DWI to a third degree felony and subject him to increased punishment, and (2) he received ineffective assistance of counsel. (*Id.* at 5.) In July 2008, respondent answered and provided relevant state-court records. (*See* Resp.'s Answer, hereinafter Answer.) Petitioner subsequently filed several documents

---

[3] "S.H.R." denotes the state habeas records identified by respondent with Event ID # 2274231.

[4] "Supp. S.H.R." denotes the supplemental state habeas records identified by respondent with Event ID # 2293154.

3

*pro se*, some of which were stricken because he was represented by counsel. In May 2009, petitioner filed an untimely *pro se* traverse to the answer. (*See* Traverse, referred to as Reply.)[5]

Respondent first contends that this action fails in its entirety because petitioner has failed to satisfy the burden of proof required by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Answer at 13-14.) He also contends that Claim 1 is not cognizable on federal habeas review and is procedurally barred from such review[6] and that Claim 2 fails on the merits. (*Id.* at 14-26.)

## II. APPLICABLE LAW

Congress enacted AEDPA on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies in this case.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[5] The Court may decline to consider the *pro se* reply because it was not filed by counsel or because it was filed untimely. Even if considered, however, it does not change the ultimate recommendation.

[6] Respondent also argues that to the extent petitioner directly challenges the enhancement convictions (Cause Nos. 17,594 and F91-342161-T), the petition is untimely. (Answer at 4-10.) The Court does not find that petitioner is presenting a direct challenge to those convictions.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). Consequently, these AEDPA standards apply only to petitioner's claims addressed on the merits in the state habeas and appellate processes.

The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption "applies to explicit findings of fact and to 'those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'" *Williams v. Quarterman*, 551 F.3d 352, 358 (5th Cir. 2008) (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)).

### III. DUE PROCESS

In his first claim, petitioner complains that his due process rights were violated when he was tried and convicted of a felony DWI based upon void and unavailable prior convictions. (Pet. at 5; Mem. Supp. at 4.) He contends that the prior convictions (Cause Nos. 17,594 and F91-34261-T) were improperly used to enhance his DWI from a Class B misdemeanor to a third degree felony and that he was sentenced above the statutory maximum for such a misdemeanor.[7] (Pet. at 5; Mem. Supp. at 4-5.)

#### A. Cause No. 17,594

According to petitioner, Cause No. 17,594 was void because it imposed an illegal sentence. (Mem. Supp. at 1, 6-8.)

---

[7] Under Texas law, driving while intoxicated is a third degree felony when preceded by two prior DWI convictions – these two prior convictions are jurisdictionally required to elevate a DWI to a felony. *See* Tex. Penal Code §§ 49.04, 49.09(b)(2) (Vernon 2003). Texas law further provides for increased punishment for habitual offenders who have two prior felony offenses. *See id.* § 12.42(d).

At the hearing on petitioner's state habeas application, the State conceded that Cause No. 17,594 was void. *See* Writ RR-1 at 7. In its factual findings, the trial court found that (1) Cause No. 17,594 relied upon a non-final conviction and (2) "the State stipulated that it appears that the applicant's conviction in Cause Number 17,594 is void." Supp. S.H.R. at 74. The court concluded that the use of Cause Number 17,594 for enhancement purposes did not render petitioner's felony DWI conviction void or invalid; at most, the indictment on the felony DWI was voidable due to a cognizable defect. *Id.* at 76. The court found that using Cause No. 17,594 for jurisdictional-enhancement purposes was not improper based on petitioner's failure to object to the indictment prior to trial. *Id.*

Whether Cause No. 17,594 was void and unuseable for jurisdictional-enhancement purposes is a matter of state law. Under Texas law, void convictions are defined "as those in which the trial court lacked jurisdiction over the person or subject matter or in which the trial judge lacked qualification to act in any manner." *Ex parte Douthit*, 232 S.W.3d 69, 72 (Tex. Crim. App. 2007) (noting the confusing "distinction between 'void' and 'voidable' convictions") (quoting *Ex parte McCain*, 67 S.W.3d 204, 209 (Tex. Crim. App. 2002). Only an "absence of jurisdiction renders the judgment a complete nullity." *Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998). Under the facts found by the trial court, the judgment in Cause No. 17,594 was not entered in the complete absence of jurisdiction. The conviction is therefore not void as that term is specifically defined by Texas case law.

Petitioner concedes that he was properly charged with a felony DWI. (*See* Mem. Supp. at 7.) Rather, his argument goes to the legitimacy of the imposed sentence. Under Texas law, when an imposed sentence exceeds the statutory maximum, the judgment is subject to being set aside on

state habeas review and the defendant remanded to the trial court to answer to the charges. *Ex parte Miller*, 921 S.W.2d 239 (Tex. Crim. App. 1996) (per curiam). Assuming that he was sentenced beyond the statutory maximum in Cause No. 17,594 as alleged, he could set aside the judgment and be remanded to the proper court to answer to the charges and for proper sentencing. He has not shown that Cause No. 17,594 has been set aside. The defect in the conviction does not render the judgment a nullity under Texas law.

In a habeas proceeding, this Court does not sit in review of a state court's interpretation of its own law; it is instead bound by the state court's interpretation. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). On federal habeas review, federal courts are "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A violation of state law that renders a trial fundamentally unfair so as to violate due process may provide a basis for federal habeas relief. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Regardless of the deference given to a state court's interpretation of its own law, petitioner has shown no violation of state law in this case. Cause No. 17,594 was available and properly used for jurisdictional-enhancement purposes in petitioner's state case. There is no due process violation under such circumstances, and petitioner is entitled to no relief on this basis.

**B.  Cause No. F91-34261-T**

Petitioner argues that Cause No. F91-34261-T was unavailable for jurisdictional-enhancement purposes because the State had proved no intervening DWI conviction within ten years of that conviction. (Mem. Supp. at 1.) According to petitioner, Cause No. 17,594 does not count as an intervening conviction because it is void. (*Id.* at 10.)

7

As discussed, Cause No. 17,594 is not void as that term is defined through Texas case law. The conviction properly serves as an intervening conviction and permits the use of Cause No. F91-34261-T to elevate petitioner's present DWI to a felony. The state trial court found Cause No. F91-34261-T available for jurisdictional-enhancement purposes. Supp. S.H.R. at 75. This Court will not disturb that finding on federal habeas review.

Because Cause No. 17,594 was not void such that it could not be used for jurisdictional-enhancement purposes, and because Cause No. F91-34261-T was likewise properly used for such purposes, petitioner's due process claim fails on its merits. Petitioner was properly sentenced on a felony DWI rather than a Class B misdemeanor.[8]

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second claim, petitioner alleges that his trial attorney's ineffective assistance caused him to be sentenced for a felony rather than a misdemeanor DWI. (*See* Pet. at 5.)

The Sixth Amendment provides criminal defendants a right to effective assistance of counsel during trial. U.S. Const., art. VI. To successfully state a claim of ineffective assistance of counsel under existing Supreme Court precedent, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008).

---

[8] Respondent contends that Claim 1 is procedurally barred from federal habeas review because the last state court to consider the claim expressly and unambiguously based its denial of relief on a finding that error had been waived by lack of a contemporaneous objection. (Answer at 16-18.) The Court bypasses the procedural issue because the claim is more easily resolved on the merits. *See Busby v. Dretke*, 359 F.3d 708, 720 (5th Cir. 2004) (recognizing in § 2254 context that circumstances may warrant bypassing a question of procedural default when the allegedly barred claim is more easily resolved "by looking past any procedural default"). Respondent also argues that Claim 1 necessarily fails because petitioner has not satisfied AEDPA's standard of review. (Answer at 13-14.) Given that AEDPA's standards only apply to claims adjudicated on the merits, respondent's reliance on those standards appears inconsistent with its simultaneous reliance on procedural bar with respect to Claim 1. The Court has considered petitioner's due process claim *de novo*. The claim would also fail under the AEDPA standards.

A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). When the deficient performance occurs in a non-capital, state sentencing context, "a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *see also United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004) (holding that *Spriggs* survived *Glover v. United States*, 531 U.S. 198 (2001) in the § 2254 context). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioner asserts that his attorney rendered ineffective assistance when he failed to invest-

igate the convictions used to enhance his offense to a felony, object to and move to quash the indictment, object to the admission of the prior convictions, and object to the defective jury charge.[9] (*See* Pet. at 5; Mem. Supp. at 2, 11-14.) He contends that these deficiencies prejudiced him by (1) subjecting him to a felony DWI charge in which he received a sixty-year sentence rather than a maximum of 180 days in county jail and (2) violating his due process rights. (Mem. Supp. at 13-14.)

On state habeas review, the trial court found that counsel did not investigate petitioner's prior convictions. Supp. S.H.R. at 70 (finding of fact # 8). Although a reasonable investigation by counsel may have shown Cause No. 17,594 to be defective in that petitioner was sentenced beyond the statutory maximum sentence for a felony DWI, petitioner has shown no reasonable probability that this defect would have prevented its use to enhance petitioner's present DWI offense to a felony. On state habeas review, the trial court found the conviction properly used for that purpose as a matter of state law. This Court has found no violation of due process and that petitioner's DWI offense was properly elevated to a felony through the use of Cause Nos. 17,594 and F91-34261-T.

Because those convictions were available and properly used for jurisdictional-enhancement purposes, petitioner has shown no reasonable probability of a different verdict or less harsh sentence had counsel investigated his prior convictions, objected to and moved to quash the indictment, or objected to the admission of those prior convictions or the jury charge. He has shown no reasonable probability that the trial court would have quashed the indictment, ruled the prior convictions inadmissible, or altered the jury charge. Moreover, had counsel timely objected to the indictment regarding the availability of the prior convictions, the State had several other DWI convictions that

---

[9] In his supporting memorandum, petitioner also claims that counsel failed to move for a directed verdict. (Mem. Supp. at 2.) Because he did not specifically raise the claim in his federal petition, and respondent has not addressed it, the claim is not properly before the Court. It also appears that petitioner did not assert this claim to the Texas Court of Criminal Appeals, and has therefore not exhausted his state remedies.

it could have used for jurisdictional-enhancement purposes, if necessary, to amend the indictment. Petitioner has presented nothing to show that the alleged deficiencies of counsel rendered his trial unreliable or the proceeding fundamentally unfair.

Petitioner's claims of ineffective assistance of counsel entitle him to no relief in this action.[10]

## V. STATE CONSIDERATION OF CLAIMS

With respect to the claims adjudicated on the merits through the state appellate and habeas processes, the decision to deny relief at the state level is consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition and pursued through the state appellate or habeas processes.

## VI. EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## VII. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

---

[10] Even if the Court considered petitioner's claim that his attorney failed to move for a directed verdict, it would likewise fail because he has shown no reasonable probability that the trial court would have granted the motion given that Cause Nos. 17,594 and F91-34261-T were properly used for enhancement purposes under state law.

**SIGNED this 15th day of June, 2009.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE